## W. R. B. WILLS v. WILLIAM PRIMM.

An averment that the defendant conveyed or pretended to convey certain land which will appear by reference to the deed of conveyance, which is made a part of the petition, and the deed exhibited appearing to have been intended as a general warranty deed, possibly a sufficient allegation of the covenant on general demurrer. But this is going far to help out defective pleading.

If the petition does not allege or show a breach of the covenant, it is insufficient.

An allegation that another person has brought suit for and recovered the land, without alleging against whom he recovered, or that plaintiff's title was brought in question, or that such person had a title superior to the plaintiff, not a sufficient averment of a breach.

Error from Fayette. Tried below before Hon. T. H. Du Val.

Suit to recover back the purchase money of a tract of land purchased by defendant in error of the plaintiff in error. The petition alleged that on 2nd July, 1849, Wills "conveyed or pretended to convey unto your petitioner five hundred and fifty-five acres of land situated, &c., in Bastrop country, for and in consideration of three hundred dollars to him in hand paid, all of which will fully appear by reference to the aforesaid deed of conveyance, which is herwith filed, marked exhibit (A,) and prayed to be taken and received as a part of this petition." "Your petitioner would further state that John Stewart and James Stewart, at the —— Term of the Bastrop District Court, instituted suit for the above mentioned tract or parcel of land, and at the Spring Term, 1857, of the aforesaid Court, obtained a judgment and decree for said five hundred and fifty-five acres of land and costs," &c.

The plaintiff in error demurred and interposed other pleas, the demurrer was overruled and there was a verdict and judgment against him.

*W. R. B. Wills*, for plaintiff in error.

*J. W. Harris*, for defendant in error.

WHEELER, J. The petition is manifestly insufficient. It contains no averment that the defendant covenanted for the goodness of the title. There is no distinct averment of a covenant or the breach of covenant for a good title. It is averred that the defendant "conveyed or pretended to convey" certain land, which will appear by reference to the deed of conveyance which is made a part of the petition. The deed exhibited does appear to have been intended as a general warranty deed ; and possibly, on general demurrer, the reference to the deed might be deemed a sufficient allegation of the cov-

enant therein contained. That would certainly be going very far to help out defective pleading. But if, in this particular, the petition may be deemed sufficient, it manifestly is insufficient in that it does not allege or show a breach of covenant. It is said that John and James Stewart brought suit for and recovered the land, but it is not alleged against whom they recovered. It is not averred that this plaintiff was a party to that suit, or that his title was brought in question therein. In fine, it does not appear by the averments of the petition that the Stewarts, or any one else have a title to the land superior to that of the plaintiff; or that there is any paramount outstanding title, or any judgment of any Court, binding the plaintiff to prevent him from holding the land under his conveyance. The petition is blank in dates, and too manifestly defective and insufficient to support a recovery. The other grounds relied upon for a reversal of the judgment are not deemed to require particular notice. The judgment is therefore reversed and the cause remanded.

　　　　　　　　　　　　Reversed and remanded.